IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DAVID WEBB,
      Plaintiff,

v.                                                        Civil Action No. 3:19-cv-00183-JAG

CHESTERFIELD COUNTY, VIRGINIA, a/k/a
CHESTERFIELD FIRE AND EMS,
      Defendant.

## OPINION

This case arises from firefighter David Webb's request for an employment accommodation due to his post-traumatic stress disorder ("PTSD"). Webb filed a complaint against Chesterfield Fire and Emergency Medical Services ("Chesterfield Fire"), alleging failure to accommodate under the Americans with Disabilities Act ("ADA"). Chesterfield Fire moved to dismiss Webb's complaint for failure to state a claim. Because Webb does not need to plead all of the essential functions of his work as a fireman, and he sufficiently pleads the other elements of his ADA claim, the Court will deny the motion to dismiss.

## I. FACTS ALLEGED IN THE COMPLAINT

Webb began working as a firefighter with Chesterfield Fire in 2003. In late 2015 or early 2016, Webb began to suffer from PTSD. His doctor informed him that some symptoms, such as insomnia, depression, and panic attacks, would be very severe for three to five years, and that extended periods of downtime or idleness would aggravate his PTSD.

Firefighters at Chesterfield Fire regularly work 24-hour shifts, which results in extended periods of downtime at work. Webb informed Chesterfield Fire that his doctor recommended that he stop working 24-hour shifts to avoid aggravating his PTSD. Webb asked Chesterfield Fire to assign him to a "day work" shift where he would work normal, daytime hours adding up to 40

hours per week. (Dk. No. 1, at 3.) Chesterfield Fire agreed, and Webb worked "day work" hours without incident until late 2017.

At that time, Chesterfield Fire switched Webb back to 24-hour shifts. Webb reminded Chesterfield Fire about his PTSD and that working 24-hour shifts could aggravate his symptoms. His supervisor refused to schedule Webb for a "day work" shift, but did not provide a reason. Instead, his supervisor asked, "What are we to do with the next 25 employees who need accommodations?" (Dk. No. 1, at 4.) Thus, starting in December, 2017, Webb returned to a 24-hour shift schedule indefinitely. Chesterfield Fire placed another fireman on the "day work" shift to replace Webb. Webb continues to work for Chesterfield Fire.

In February, 2018, the Equal Employment Opportunity Commission ("EEOC") issued a notice of right to sue. Webb then brought this action against Chesterfield Fire under the ADA for failing to accommodate his PTSD. Webb also seeks punitive damages.

## II. DISCUSSION[1]

### A. *Failure to Accommodate in Violation of the ADA*

Under the ADA, an employer discriminates against an employee by failing to "mak[e] reasonable accommodations to the known physical or mental limitations of an otherwise qualified

---

[1] Chesterfield Fire has moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). A Rule 12(b)(6) motion gauges the sufficiency of a complaint without resolving any factual discrepancies or testing the merits of the claims. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering the motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)). The principle that a court must accept all allegations as true, however, does not apply to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a Rule 12(b)(6) motion to dismiss, a complaint must state facts that, when accepted as true, state a claim to relief that is plausible on its face. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

2

individual with a disability . . . unless [the employer] can demonstrate that the accommodation would impose an undue hardship on the operation of the business[.]" 42 U.S.C. § 12112(b)(5)(A).

"On a failure to accommodate claim, a plaintiff establishes a prima facie case by showing that: (1) he was an individual who had a disability within the meaning of the statute; (2) the employer had notice of his disability; (3) with reasonable accommodation he could perform the essential functions of the position; and (4) the employer refused to make such accommodation." *Orne v. Christie*, No. 3:12-cv-290-JAG, 2013 WL 85171, at *4 (E.D. Va. Jan. 7, 2013) (citing *Rhoads v. FDIC*, 257 F.3d 373, 387 n.11 (4th Cir. 2001)).

Chesterfield Fire only disputes the third element.[2] In particular, it argues that Webb did not allege any detail as to the essential functions of his job, or that he could fulfill those functions. Webb must plead that, as a "qualified individual," he "with or without reasonable accommodation, can perform the essential functions of the employment position." 42 U.S.C. § 12111(8). Instead of requiring ADA plaintiffs to prove their essential job functions, the Fourth Circuit has required plaintiffs to demonstrate that they can perform those essential functions. *See Myers v. Hose*, 50 F.3d 278, 281 (4th Cir. 1995) (requiring only proof that the plaintiff "[was] able to perform the essential functions of the job" on a motion for summary judgment).

Similarly, this Court has not required plaintiffs to allege their essential job functions to survive a motion to dismiss. *See Jones v. HCA*, 16 F. Supp. 3d 622, 632 (E.D. Va. 2014) ("[The plaintiff] did not set forth the 'essential functions' of his job, but [the defendant] has not provided any case law that suggests he must at this stage."). Instead, the Court has focused on whether a

---

[2] Chesterfield Fire also argues that Webb's proposed accommodation is unreasonable. Whether an accommodation is reasonable, however, is a "question of fact." *Pandazides v. Va. Bd. Of Educ.*, 13 F.3d 823, 833 (4th Cir. 1994). Accordingly, the Court will not decide the issue at the motion to dismiss stage.

3

plaintiff has alleged that he could perform the essential functions. *Id.*; *see also Sumner v. Mary Washington Healthcare Physicians*, No. 3:15-cv-42, 2016 WL 5852856, at *6 (E.D. Va. Sept. 30, 2016) (concentrating on the plaintiff's ability to perform his essential job functions). Some district courts have agreed with the Court's approach, *e.g.*, *EEOC v. Advanced Home Care, Inc.*, 305 F. Supp. 3d 672, 676 (M.D.N.C. 2018) (declining to require allegations of essential job functions), while others have not, *e.g.*, *Munoz v. Balt. Cty., Md.*, 2012 WL 3038602, No. RDB-11-02693, at *7 (D. Md. July 25, 2012) (dismissing an ADA claim when the plaintiff failed to define the essential functions of his position). At the motion to dismiss stage, factual allegations that a plaintiff can perform his essential job functions suffice.

Thus, although Webb does not allege the essential functions of his position as a firefighter, he does not need to. He sufficiently alleges that he can perform those essential functions. *See Jones*, 16 F. Supp. 3d at 632. Specifically, Webb says that he has worked as a firefighter for Chesterfield Fire since 2003. He continued to perform his duties when he began suffering from PTSD in 2015 or 2016. For the first two years following his PTSD diagnosis, he worked day shifts without incident. For the past year and a half, he has worked without accommodation.

Accordingly, Webb sufficiently alleges all of the elements of a failure to accommodate claim under the ADA, including that he is a qualified individual who can perform the essential functions of his job.

### B. Punitive Damages

Chesterfield Fire also asks the Court to dismiss Webb's prayer for punitive damages. A plaintiff may recover punitive damages on a failure to accommodate claim when the defendant acted "with malice or with reckless indifference to the federally protected rights of an aggrieved individual." 42 U.S.C. § 1981a(b)(1); *EEOC v. Fed. Express Corp.*, 513 F.3d 360, 371 (4th Cir.

2008). Because "the question of punitive damages is not properly addressed on a motion to dismiss," the Court declines to dismiss Webb's request for punitive damages at this stage. *Downs v. Winchester Med. Ctr.*, 21 F. Supp. 3d 615, 619-20 (W.D. Va. May 12, 2014).

### III. CONCLUSION

Webb adequately alleges the elements of a failure to accommodate claim under the ADA. The Court, therefore, will deny Chesterfield Fire's motion to dismiss.

The Court will enter an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: 8 July 2019
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge

5